UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE HYATT, ANGELA POSTLEY, JESSICA WILLIAMS, and SHERYL WILLIAMS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12CV1248 RWS |
| ORGANON USA, INC., et al, | ) ) | Case No. 4:08MD1964 RWS |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

On June 19, 2012, Plaintiffs filed this lawsuit against Defendants. Plaintiffs sued for their injuries allegedly caused by their use of the prescription drug NuvaRing. Defendants filed a motion to sever, under Fed. R. Civ. P. 21, to drop some Plaintiffs from the case as improperly joined.

Because Plaintiffs have been improperly joined in this action they will be dismissed from this action. In addition, none of Plaintiffs are citizens of the state of Missouri. As a result, venue is improper in this district for any of Plaintiffs' claims. All of Plaintiffs are non-Missouri residents who incurred their injuries outside the State of Missouri. Valerie Hyatt is a citizen of Montana, Angela Postley is a citizen of Iowa, Jessica Williams is a citizen of Texas, and Sheryl Williams is a citizen of Texas.

*Misjoinder*

Rule 20(a)(1) states that "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or

fact common to all plaintiffs will arise in the action."

"Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

In the present matter Plaintiffs' injuries did not arise out of the same transaction or occurrence. Each Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers. Nor are Plaintiffs' injuries all the same. As a result, the joinder of the claims of Plaintiffs was a misjoinder of parties in this suit. See Boschert v. Pfizer, Inc., 2009 WL 1383183, 3 (E.D. Mo. 2009 May 14, 2009)(finding misjoinder where plaintiffs' only assertion of "same transaction" was that they took the same drug and were injured.)(citing McNaughton v. Merk & Co., 2004 WL 5180726, at *2 (S.D. N.Y. Dec.17, 2004) (rejecting argument that alleged failure to warn consumers and doctor of the potential harms of Vioxx satisfied the requirements of Rule 20(a)). In re Prempro Prods. Liab. Litig., 417 F. Supp.2d 1058, 1059 (E.D. Ark.2006) (finding plaintiffs were not properly joined where the only thing common among them was that they took a similar drug); In re Diet Drugs Prods. Liab. Litig., 294 F. Supp.2d 667, 679 (E.D. Pa.2003) (same); In re Baycol Prods. Liab. Litig., 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (finding, in a case involving an anti-cholesterol drug, that "the fact that defendants' conduct is common to all of plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements"); In re Rezulin Prods. Liab. Litig., 168 F. Supp.2d 136, 144 (S.D.N.Y.2001) (finding misjoinder because plaintiffs, who

ingested the same drug, had different exposures to the drug, different injuries, and different medical histories); In re Diet Drugs Prods. Liab. Litig., 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (dropping misjoined plaintiffs from different states whose only commonality was ingestion of the same drugs in question)).

Under Federal Rule of Civil Procedure Rule 21, misjoinder is not grounds for dismissal of an action, but "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Plaintiffs have filed a stipulation to dismiss three Plaintiffs from this suit to allow them to refile their claims in the proper jurisdiction. Plaintiffs' suggestion overlooks the fact that none of Plaintiffs' claims is properly filed in this jurisdiction. No case may be filed directly in this MDL case. A plaintiff must file a case where venue is proper.

*Venue*

Under 28 U.S.C. § 1391(b), a civil action may be brought in: 1) a judicial district where any defendant resides, if all of the defendants reside in the State in which the district is located; 2) a judicial district where a substantial part of the events giving rise to the claim occurred; **or** 3) **if there is no district in which the action may otherwise be brought**, in any judicial district in which any defendant is subject to the court's personal jurisdiction.

Plaintiffs apparently assert that venue is proper in this district under § 1391(b)(3). However, that section is only invoked if neither of the preceding sections applies. Section 1391(b)(2) is the appropriate venue section to be applied to Plaintiffs' claims.

Based on the foregoing, venue is not proper in the Eastern District of Missouri for the claims of any of Plaintiffs in this matter.

As a result, I find it appropriate to sever all of Plaintiffs' claims from each other. Instead of severing and dismissing the entire suit for improper venue, I will sever the cases and transfer

one of the cases, under § 1406, to where it should have been filed.

Plaintiff Angela Postley, a citizen of Iowa, asserts that her injuries were incurred in Linn County, Iowa. Postley shall file an amended complaint in this case, no later than **November 9, 2012**, with allegations specific to her claims only. Upon the filing of her amended complaint I will transfer this case to the United States District Court for the Norther District of Iowa, the Cedar Rapids Division. I will dismiss the claims of Plaintiffs Hyatt, Williams, and Williams for improper joinder. But I will not dismiss these Plaintiffs from this case until **November 9, 2012**, which will give these Plaintiffs 30 days to each file their cases in a proper venue. These Plaintiffs are free to re-file their separate individual complaints against Organon in the court of their choosing. Of course, if they choose to re-file in federal court, they must satisfy the jurisdictional, pleading, and venue requirements of federal law and the Federal Rules of Civil Procedure. Each of these cases will then be transferred to this Court under the MDL procedures.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to drop and dismiss the claims of Plaintiffs based on misjoinder [#15] is **GRANTED**. The dismissal order for these Plaintiffs will be entered on **November 9, 2012**.

**IT IS FURTHER ORDERED that** Plaintiff **Angela Postley** shall file an amended complaint in this Court, with allegations specific to her claims only, no later than **November 9, 2012**. This case will then be transferred to the Northern District Of Iowa.

**IT IS FURTHER ORDERED that** the dropped Plaintiffs have until **November 9, 2012** to file new complaints, in a venue that is proper for each Plaintiff. The dropped Plaintiffs who file a new lawsuit by that date will be deemed to have an ongoing action in this Court for all purposes during the time period between today's date and the filing of their new complaints. For

purposes of the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped Plaintiff originally filed her complaint in this Court, insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants.

**IT IS FURTHER ORDERED that** the dropped Plaintiffs will be dismissed from this lawsuit without prejudice on **November 9, 2012** whether or not they have filed a new lawsuit as directed by this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a notice in this case by **November 9, 2012** listing the court name and case number, if any, where a new lawsuit was filed for each Plaintiff besides Postley.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2012.